16-1014-cv
Thomas v. Police Officer Michael McAuliffe

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY  ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND  THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**


        At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 1st day of June, two thousand seventeen.

Present:        PIERRE N. LEVAL,
                ROSEMARY S. POOLER,
                PETER W. HALL,
                        *Circuit Judges*.

_____

SEAN THOMAS,

                        *Plaintiff-Appellee*,

                v.                                                      16-1014-cv

POLICE OFFICER MICHAEL MCAULLIFE, SHIELD 1676,
POLICE OFFICER THOMAS DEKOKER, SHIELD 15364,
SERGEANT STEPHEN KELLY, SHIELD 2057,

                        *Defendants-Appellants*. [1]

_____

Appearing for Appellants:        Qian Julie Wang, of Counsel (Richard P. Dearing, Susan P. Greenberg, of Counsel, *on the brief*), *for* Zachary W. Carter, Corporation Counsel of the City of New York, New York, NY.

Appearing for Appellee:        Annette G. Hasapidis, Ridgefield, CT.

_____

[1] The Clerk of the Court is directed to amend the caption as above.

Appeal from the United States District Court for the Southern District of New York (Carter, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of said District Court be and it hereby is **AFFIRMED**.

Michael McAuliffe, Thomas DeKoker and Stephen Kelly (together, "Appellants") appeal from (1) the June 4, 2013 opinion and order of the United States District Court for the Southern District of New York (Carter, *J.*) denying their motion to dismiss the complaint as a sanction for misconduct by the plaintiff, Sean Thomas; and (2) the January 26, 2016 opinion and order of the district court granting Thomas attorneys' fees and costs for the second trial, held after the district court vacated the first verdict entered in Thomas's favor as a sanction for Thomas's misconduct. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

"It is well settled that district courts enjoy wide discretion in sanctioning litigants appearing before them." *Novak v. Wolpoff & Abramson LLP*, 536 F.3d 175, 177 (2d Cir. 2008). "We review all aspects of a [d]istrict [c]ourt's decision to impose sanctions for abuse of discretion." *Schlaifer Nance & Co., Inc. v. Estate of Warhol*, 194 F.3d 323, 333 (2d Cir. 1999). The reviewing court must ensure that the district court's sanctions are not based on "an erroneous view of the law or on a clearly erroneous assessment of the evidence." *Id.* An assessment of the evidence is clearly erroneous where the reviewing court "is left with the definite and firm conviction that a mistake has been committed." *Zervos v. Verizon N.Y., Inc.*, 252 F.3d 163, 168 (2d Cir. 2001). The imposition of sanctions would also be improper where the decision "cannot be located within the range of permissible decisions." *Id.* at 169.

Appellants here argue that the district court abused its discretion by not imposing harsher sanctions on Thomas, either by dismissing Thomas's complaint or by requiring Thomas to pay their attorneys' fees and costs from the first trial. We disagree. The district court acted well within its discretion in rejecting the sanctions sought by Appellants, instead imposing the remedy of a new trial (at which Thomas prevailed) and denying Thomas attorneys' fees for the first trial. Harsher sanctions were available to the district court, but it did not exceed its discretion in choosing the sanctions it imposed.

We have considered the remainder of Appellants' arguments and find them to be without merit. Accordingly, the judgment of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk