*Resource Grp. Int'l v. Chishti*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 27th day of May, two thousand twenty-six.

PRESENT:
RICHARD C. WESLEY,
RICHARD J. SULLIVAN,
JOSEPH F. BIANCO,
*Circuit Judges.*

———————————————————————

THE RESOURCE GROUP INTERNATIONAL LIMITED,

*Petitioner-Appellee,*

v.                                                                              No. 25-2163

MUHAMMAD ZIAULLAH KHAN CHISHTI,

*Respondent-Appellant.*

———————————————————————

For Respondent-Appellant:        Benjamin G. Chew, Sheppard Mullin, Washington, D.C.

For Petitioner-Appellee:        Jeffrey A. Rosenthal (Lisa Vicens, Mark E. McDonald, Katie L. Gonzalez, *on the brief*), Cleary Gottlieb Steen & Hamilton LLP, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Jed S. Rakoff, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the August 11, 2025 judgment of the district court is **AFFIRMED**.

Muhammad Ziaullah Khan Chishti appeals from the denial of his motion pursuant to Federal Rule of Civil Procedure Rule 60(b) for relief from a judgment that confirmed an arbitral award ("Final Award") in favor of the Resource Group International Limited ("TRG-I"). We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal, to which we refer only as necessary to explain our decision.

## I.  Background.

TRG-I is a privately held Bermudian holding company that invests in software and information-technology-services companies; Chishti is a founder of

TRG-I, as well as its former chairman and director. In 2005, (i) TRG-I; (ii) TRG-I's parent company, TRG Pakistan Limited ("TRG-P"), a Pakistan-domiciled company listed on the Pakistani stock exchange; (iii) Chishti; (iv) entities affiliated with American International Group, Inc. ("AIG"); and (iv) others entered into a Preferred Stock Purchase Agreement ("SPA"), pursuant to which AIG made a $30 million investment in TRG-I. Section 8.6 of the SPA contained certain "Restrictions on Transfer" that limited the parties' – including Chishti's – ability to dispose of their TRG-I and TRG-P securities without permission from AIG. In January 2023, TRG-I filed a demand for arbitration (the "TRG-I Arbitration"), alleging that Chishti had repeatedly breached the transfer restrictions "by selling and pledging his TRG-I and TRG-P securities without seeking or obtaining the requisite consent of AIG." App'x at 23–24. In its arbitration demand, TRG-I requested both a declaration that Chishti had breached the SPA and a permanent injunction barring Chishti from "selling," "pledging," or "[t]ransferring in any other way" all TRG-I and TRG-P securities that he owned. *Id.* at 24. Following "extensive and contentious proceedings," an arbitrator issued a Final Award in April 2025 and concluded, among other things, that Chishti had violated the SPA's transfer restrictions. *Id.* at 35, 39. The arbitrator enjoined Chishti from

continuing to transfer his shares and awarded TRG-I attorneys' fees and costs in the amount of $9,053,606.34. After the arbitrator issued his ruling, TRG-I filed a petition to confirm the Final Award in federal district court. Chishti opposed that petition and, as relevant here, filed a counter-petition to partially vacate the Final Award.

The district court confirmed the Final Award in its entirety in June 2025, concluding that the arbitrator had "engaged in a careful analysis of the relevant provisions of the SPA," Sp. App'x at 12, and rejecting Chishti's arguments that the arbitrator had "exceeded his power [or] manifestly disregarded the law," *id.* at 10. Chishti then moved for relief from the district court's judgment under Rule 60(b) on the grounds that TRG-I had committed "fraud and perjury in the arbitration," App'x at 2290, rendering "the [Final] Award . . . nonbinding under the SPA," *id.* at 2292 (capitalization altered). The district court denied Chishti's motion.

On appeal, Chishti asserts that the district court erred in denying his Rule 60(b) motion because the highest court of Sindh, Pakistan ("SHC") – where a tangentially related litigation between the parties is taking place – ruled, after judgment confirming the Final Award, that TRG-P "had colluded with TRG-I in committing large-scale fraud." Chishti Br. at 5. He contends that the district

4

court abused its discretion in: (i) rejecting his motion as "untimely and improper" under Rule 60(b)(3) and as insufficient to satisfy the demanding standard of Rule 60(b)(6); and (ii) "declining to enforce the terms of the underlying arbitration agreement," which provided that the Final Award would become "nonbinding and subject to reexamination or appeal" if "fraud," "perjury," or "misconduct by the arbitrator" were established in the underlying arbitration. *Id.* at 9, 11, 26 (internal quotation marks omitted).

## II.    Discussion.

We review the denial of a Rule 60(b) motion for abuse of discretion. *Johnson v. Univ. of Rochester Med. Ctr.*, 642 F.3d 121, 125 (2d Cir. 2011). "A court abuses it[s] discretion when (1) its decision rests on an error of law or a clearly erroneous factual finding; or (2) cannot be found within the range of permissible decisions." *Id.*

### A. The District Court Properly Denied Chishti Relief Under Rule 60(b).

Chishti first argues that the district court abused its discretion when it concluded that the SHC judgment did not establish by clear and convincing evidence that "TRG-I committed fraud in the TRG-I Arbitration." Chishti Br. at 14. In particular, Chishti points to TRG-I's statement in its petition to confirm the Final Award that "[t]here has never been any suggestion of corruption, fraud, or

5

misconduct in procuring the Partial Final Award." *Id.* at 15 (quoting App'x at 2562–63 (internal quotation marks omitted)). According to Chishti, this statement shows "that TRG-I perjured itself in front of the District Court," *id.* at 14, compelling "vacatur of the [Final] Award," *id.* at 10, under Rule 60(b)(3). We disagree.

Rule 60(b)(3) provides that a court may grant relief in the case of "fraud . . . misrepresentation, or other misconduct by an opposing party." Fed. R. Civ. P. 60(b)(3). "To prevail on a Rule 60(b)(3) motion, a movant must show that the conduct complained of prevented the moving party from fully and fairly presenting his case." *State St. Bank & Trust Co. v. Inversiones Errazuriz Limitada*, 374 F.3d 158, 176 (2d Cir. 2004) (internal quotation marks omitted). And we have explained that "a Rule 60(b)(3) motion cannot be granted absent clear and convincing evidence of material misrepresentations and cannot serve as an attempt to relitigate the merits." *Fleming v. N.Y. Univ.*, 865 F.2d 478, 484 (2d Cir. 1989). Chishti cannot meet this rigorous standard.

For starters, Chishti fails to demonstrate how the SHC's judgment entitles him to relief under Rule 60(b)(3). The SHC's ruling involved a discrete set of issues in a "different (albeit related) corporate dispute," Sp. App'x at 23, and

6

Chishti never explains *how* the SHC's findings clearly establish that TRG-I "committed fraud" – perjuring itself before the district court – six weeks prior, when it petitioned to confirm the Final Award, Chishti Br. at 20. Beyond ascribing talismanic significance to the words "fraud" and "perjury," *see id.* at 14, 16–17, 19–21, Chishti offers little explanation – let alone clear and convincing evidence – as to how TRG-I's alleged misconduct so infected the litigation before the district court as to entitle him to Rule 60(b) relief. *See also id.* at 20 (conclusorily asserting that TRG-I's "fraud and perjury in the TRG-I Arbitration . . . flowed from the [SHC's] finding of fraud" to the district court proceedings).

Nor is there any indication that TRG-I's alleged "misconduct substantially interfered with [Chishti's] ability to fully and fairly present [his] case." *Thomas v. City of New York*, 293 F.R.D. 498, 503 (S.D.N.Y. 2013), *aff'd sub nom. Thomas v. McAullife*, 691 F. App'x 671 (2d Cir. 2017). While Chishti contends that he "was in [no] position to show clear and convincing evidence of perjury and fraud" prior to the SHC ruling issued the same day as the district court's judgment confirming the Final Award, Chishti Br. at 17, that decision was immaterial to his ability to make the requisite showing before the district court. Indeed, Chishti had leveled the same allegations of fraud against TRG-I to the SHC and in the TRG-I

7

arbitration, well before confirmation of the Final Award. *See* Sp. App'x at 24 n.4 (district court noting that "Chishti raised allegations of fraud, misconduct, and shareholder oppression in the underlying [TRG-I] arbitration"). But Chishti's cross-petition to partially vacate the underlying arbitral award was conspicuously "silent" as to those parallel proceedings and "devoid of allegations of fraud or misconduct in the underlying [TRG-I] arbitration." *Id.* at 24. That Chishti believed he could not meet the requisite evidentiary threshold – notwithstanding his possession of the same evidence that he had presented to the SHC and in the TRG-I arbitration – provides no basis for belated relief under Rule 60(b)(3). *See State St. Bank*, 374 F.3d at 176 (underscoring that Rule 60(b)(3) movants "must show that the conduct complained of prevented the moving party from fully and fairly presenting his case" (internal quotation marks omitted)); *Paddington Partners v. Bouchard*, 34 F.3d 1132, 1147 (2d Cir. 1994) ("An argument based on hindsight regarding how the movant would have preferred to have argued its case does not provide grounds for Rule 60(b) relief, nor does the failure to interpose a defense that could have been presented earlier, nor does the failure to marshal[] all known facts in opposition to a . . . motion." (citations omitted)).

8

Chishti's argument fares no better under Rule 60(b)(6), which provides that a "court may relieve a party . . . from a final judgment, order, or proceeding . . . [for] any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). We have labeled the scope of this catchall provision "extremely meagre," *United States v. Karahalias*, 205 F.2d 331, 333 (2d Cir. 1953) (L. Hand, *J.*), and have recognized that it is available "only when there are extraordinary circumstances justifying relief" or "when the judgment may work an extreme and undue hardship," *Nemaizer v. Baker*, 793 F.2d 58, 63 (2d Cir. 1986).

Chishti cannot squeeze his appeal through this narrow window. While he asserts that the SHC's judgment substantiated "[his] claims of fraud and oppression" by the same TRG-I officials who "falsely testified in the underlying arbitration against [him]," Reply Br. at 18, that does not change the fact that Chishti already *knew* about TRG-I's alleged fraud before he filed his cross-petition to partially vacate the Final Award in the district court. *See United States v. Cirami*, 563 F.2d 26, 33 (2d Cir. 1977) (stressing that in the context of Rule 60(b)(6) motions, "courts should not encourage the reopening of final judgments or casually permit the relitigation of litigated issues out of a friendliness to claims of unfortunate failures to put in one's best case").

At bottom, Chishti's Rule 60(b)(6) arguments are a thinly veiled attempt to vacate the underlying arbitral award, and he offers little more than conclusory statements that "the fraud perpetrated by [TRG-I] was pervasive" and "prevented [him] from fully and fairly presenting his case." Chishti Br. at 24 (internal quotation marks omitted). These repackaged Rule 60(b)(3) arguments are not enough to demonstrate that "there are extraordinary circumstances justifying relief" or that "the judgment [would] work an extreme and undue hardship" on him under Rule 60(b)(6). *Nemaizer*, 793 F.2d at 63. We therefore cannot say that the district court abused its discretion in denying relief under Rule 60(b)(6).

**B. The District Court Properly Rejected Chishti's Contention That the Final Award was "Nonbinding" Under the Terms of the SPA.**

Chishti next asserts that the district court abused its discretion in refusing to conclude that the Final Award was "nonbinding and subject to reexamination or appeal." Chishti Br. at 28. Chishti points to section 10.16 of the SPA, which permits an "appeal from or reexamination of any Final Arbitration Award . . . *in the case of fraud or perjury or misconduct by the arbitrator* prejudicing the rights of any party." *Id.* at 3 (emphasis added) (quoting App'x at 176). The district court erred, Chishti insists, in determining that the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1, *et seq.*, and the relevant provision of the New York Civil Practice Law

10

and Rules ("CPLR"), N.Y. C.P.L.R. § 7511 – rather than "the language of the Arbitration Agreement," Chishti Br. at 25 (capitalization altered) – provided the "exclusive" means of vacating the Final Award, Sp. App'x at 26 (internal quotation marks omitted). Again, we disagree.

At the outset, Chishti asserted this argument for the first time in his Rule 60 motion, even though, as noted above, he possessed the basic facts concerning TRG-I's alleged fraud prior to the filing of his cross-petition to partially vacate the Final Award in the district court. We have long held that parties may not raise new arguments in motions for relief under Rule 60(b) where they had "ample opportunity to do so" previously. *State St. Bank*, 374 F.3d at 179; *see also Nemaizer*, 793 F.2d at 62–63. We therefore have little trouble concluding that Chishti's SPA-based argument is untimely.

And even if we were to consider that argument, the district court did not err in concluding that the FAA and New York law each preclude parties from contractually supplementing the statutory grounds for vacatur of an arbitral award. *See Hall St. Assocs., L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 578 (2008) (holding that the "statutory grounds" for vacatur of an award under sections 11 and 12 of the FAA are "exclusive" and "may [not] be supplemented by contract"); *N.Y.C.*

11

*Transit Auth. v. Transp. Workers' Union of Am., Loc. 100*, 6 N.Y.3d 332, 336 (2005) ("Courts may vacate an arbitrator's award only on the grounds stated in CPLR 7511(b)."). In leveraging the language of the SPA to declare the parties' arbitration nonbinding, Chishti seeks relief that the district court was powerless to provide.

Chishti attempts to dodge this conclusion by arguing that "making a previously confirmed award subject to reexamination or appeal . . . does not result in an award's vacatur" and instead "at most results in fresh proceedings for vacatur or confirmation." Chishti Br. at 27 (emphasis deleted). We struggle to see the relevance of this distinction; after all, "making a previously confirmed [*i.e.*, binding] award subject to reexamination or appeal" renders that arbitral award "nonbinding" – precisely what occurs when an award is vacated. *Id.* Such an approach flouts the terms of the arbitration agreement to which the parties contracted, lacks support in our precedent, and ignores the plain text of the FAA and CPLR. Mere incantations that "arbitration is a matter of contract," *id.* at 25 (internal quotation marks omitted), provide no basis for upsetting the Final Award or the district court's judgment confirming that award.

\*     \*     \*

We have considered Chishti's remaining arguments and find them to be without merit.  Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court